COMMONWEALTH *vs.* ZACHARY Z., a juvenile.

Suffolk. April 5, 2012. - May 24, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.

*Evidence,* Photograph, Identification. *Identification. Search and Seizure,* Expectation of privacy. *Practice, Criminal,* Juvenile delinquency proceeding, Access to photographs used in identification.

This court vacated a Juvenile Court judge's allowance of a juvenile's pretrial motion to suppress an identification made from a photographic array that included a photograph of the juvenile that police obtained from the juvenile's high school, where, in ruling that the juvenile had a reasonable expectation of privacy in his student identification card photograph, the judge made certain assumptions concerning the photograph for which supporting evidence did not appear in the record. [322-323]

COMPLAINT received and sworn to in the Suffolk County Division of the Juvenile Court Department on December 5, 2008.

A pretrial motion to suppress evidence was heard by *Leslie E. Harris,* J.

An application for leave to prosecute an interlocutory appeal was allowed by *Botsford,* J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by her to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*Kathleen Celio,* Assistant District Attorney, for the Commonwealth.

*Peter M. Onek,* Committee for Public Counsel Services, for the juvenile.

*Patrick Murphy & Sarah Rothenberg,* for Parent/Professional Advocacy League & others, amici curiae, submitted a brief.

BOTSFORD, J. In December of 2008, the juvenile was charged with delinquency by reason of armed robbery. He was identified as the robber by means of a photograph that the police had obtained from his public high school and claimed to have included

in a photographic array shown to the alleged victim. The juvenile moved to suppress the identification, and a Juvenile Court judge granted his motion. A single justice of this court granted the Commonwealth leave to file an interlocutory appeal from the judge's order in the Appeals Court pursuant to Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), and G. L. c. 211, § 4A. We transferred the case here on our motion.[1] We vacate the motion judge's decision and remand for further proceedings.

1. *Background.*[2] The alleged victim of the robbery, a student attending the same high school as the juvenile, reported that on October 10, 2008, he was walking down the street with a few people after getting off the public bus he had taken after school. One of his companions, whom the alleged victim knew only by an initial, produced a knife and stole the victim's cellular telephone and "iPod." The police suspected the juvenile of the robbery, because a backpack containing an item with the juvenile's name on it was found at the scene. To confirm the suspicion, the investigating detective asked a police officer assigned to the juvenile's public high school to retrieve a photograph of the juvenile. At the time the detective made the request, the police had no search warrant or subpoena for the photograph and had not obtained or sought the consent of the juvenile's parents.

It appears that someone from the school provided the Boston police, through the police officer assigned to the school, with a student identification card that contained the juvenile's name, photograph, and birth date.[3] Because the photograph had a dis-

---

[1] We acknowledge the amicus brief submitted by the Parent/Professional Advocacy League; Communities for People; Family Continuity Program; Justice Resource Institute; the Key Program, Inc.; Massachusetts Families Organizing for Change; Massachusetts Society for the Prevention of Cruelty to Children; Wayside Youth and Family Support Network; and the Massachusetts Association of 766 Approved Private Schools.

[2] The facts are taken from the evidence and other information presented at the hearings on the juvenile's motion to suppress and the Juvenile Court judge's decision allowing the motion.

[3] The record does not reveal how the police officer assigned to the school obtained the juvenile's photograph. All the testimony presented at the motion hearing reflects on this point is that when the investigating officer requested additional filler photographs to create an array, he asked the school police officer to have "your administrator who's in charge of that database, just ask him to please pick whatever he thinks . . . would fit and I'll take those."

tinctive background, the detective requested that the school provide photographs of other students taken in front of the same background to be used in the array. (See note 3, *supra.*) Before showing the array to the alleged victim, the photographs were enlarged, and all other information on the student identification cards was removed.

The juvenile first moved to dismiss the complaint for loss of exculpatory evidence, because the Commonwealth had lost the student identification card from which the enlarged photograph of the juvenile was derived. At a hearing held on the motion on December 29, 2009, the judge denied the motion.[4] However, he expressed concern at that hearing about the method by which the student identification photograph had been obtained, stating, "I would think that people have a right to privacy . . . . I think without a court order allowing it, you've got a problem." A second hearing on whether the identification should be suppressed because of how the photograph was obtained was held on March 24, 2010.

The motion judge allowed the juvenile's motion to suppress the identification. Based on his assumption that the student identification card was required for school attendance, the judge ruled that the juvenile had a reasonable expectation that the school would not disclose the student identification card to others for noneducational purposes, pursuant to this court's decision in *Commonwealth* v. *Buccella*, 434 Mass. 473 (2001), cert. denied, 534 U.S. 1079 (2002).[5] The judge also determined that the juvenile had a reasonable expectation of privacy in the

---

[4]Although the juvenile's motion to dismiss was denied, his counsel orally sought suppression of evidence of the identification at the December 29, 2009, motion hearing. The Commonwealth still has all the enlarged photographs actually used in the array, including the juvenile's. However, these photographs are grainy and not very detailed as a result of the enlargement process. The juvenile argued that the identification should be suppressed because it is impossible to be sure that the purported photograph of the juvenile selected by the victim actually depicts the juvenile. The judge does not appear to have ruled on this aspect of the juvenile's suppression motion.

[5]In *Commonwealth* v. *Buccella*, 434 Mass. 473 (2001), cert. denied, 534 U.S. 1079 (2002), we assumed without deciding that a high school student had a reasonable expectation of privacy in his homework, because "[i]t would appear reasonable to expect that a government agency, to which a citizen is required to submit certain materials, will use those materials solely for the purposes intended and not disclose them to others in ways that are uncon-

student identification card photograph itself because, in the judge's view, the photograph was part of the juvenile's student record that is required to be kept confidential by regulations promulgated by the Department of Elementary and Secondary Education. See 603 Code Mass. Regs. §§ 23.00 (2006).[6] The judge then reasoned that because the investigating officer in effect had directed the school to search for and, if successful, to hand over the juvenile's photograph, a warrant was required. Cf. *Commonwealth* v. *Snyder*, 413 Mass. 521, 528 (1992) (school employees may conduct warrantless search "except where . . . explicitly acting on behalf of law enforcement officials").

2. *Discussion.* The issue we are asked to address is whether the motion judge correctly ruled that the juvenile had a reasonable expectation of privacy in his student identification card photograph that, if violated, required suppression of evidence of the identification made by the alleged victim. "In reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings of fact unless they are clearly erroneous but independently review the judge's ultimate findings and conclusions of law." *Commonwealth* v. *Anderson*, 461 Mass. 616, 619 (2012). Applying this standard in the present case is not possible, however. In ruling as he did, the judge made certain assumptions about the photograph that may well be correct, but evidence supporting the assumptions is not in the record before us. For example, before receiving any evidence, the judge stated that "school [identification cards] . . . are mandatory at the school."[7] Thereafter, in his memorandum of decision allowing the motion to suppress, the judge stated that the juvenile "was required to take a picture for a school [identification card] in order to attend the high school," and the student identification photograph was

---

nected with those intended purposes." *Id.* at 485. Nonetheless, we determined that any search of the student's homework was reasonable, where school officials asked the police to review handwriting samples in order to determine whether the student had vandalized school corridor walls. *Id.* at 486-487.

[6]The judge did not address whether the family educational and privacy rights act, 20 U.S.C. § 1232g (2006 & Supp. IV 2010), and accompanying regulations, 34 C.F.R. Part 99 (2011), provided support for the juvenile's position that he had a reasonable expectation of privacy in the information released to the police.

[7]The attorneys for both the juvenile and the Commonwealth also assumed that the identification cards were mandatory.

maintained by the school for "intended educational purposes," but there was no testimony or other evidence presented on these critical issues of fact. The only witnesses who testified at the hearing were two detectives, neither of whom was in a position to know whether posing for a photograph was mandatory, or how the student identification cards were used by the school or the students.

Without evidence regarding how the student identification cards and photographs are created and how and by whom they are used within and outside of the school, we are not in a position to review the judge's conclusion that the juvenile had a reasonable expectation of privacy in the photograph and the legal consequences that follow from such a conclusion.[8] Such evidence might also help resolve whether the student identification card and photograph form part of the confidential "student record" under State and Federal education regulations; if they are part of the student record, that fact would also bear on whether the juvenile had a reasonable expectation of privacy in the photograph. We conclude, therefore, that the decision allowing the juvenile's motion to suppress must be vacated.[9]

3. *Conclusion.* We vacate the judge's allowance of the motion to suppress and remand the case to the Juvenile Court for further proceedings consistent with this opinion.

*So ordered.*

[8]Examples of questions that are unanswered by the record and that bear on the juvenile's expectation of privacy include: Are students required to pose for student identification card photographs? Where are the student identification cards kept at the school? Who controls access to the cards? Are students given a copy of the student identification card to carry? If so, are they required to use the card to gain access to the school building or to carry or display it while on school grounds? For what other purposes, if any, do school administrators use the student identification cards and photographs appearing on them? Are students able to use the identification card outside of school, such as for student discounts? Are the same photographs used for an annual school or senior yearbook, if one exists?

[9]In moving to suppress, the juvenile had the burden of establishing that he had a reasonable expectation of privacy in his student identification card and photograph. However, because of the role that factual assumptions played in the judge's decision in this case, we do not think it appropriate to reverse the allowance of the motion on the ground that the juvenile failed to satisfy his burden. Rather, we vacate the decision and remand for further proceedings.